## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JARONA DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-04-1037-HE |
| | ) | |
| SEARCHLIGHT CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case is before the Court on the defendant's motion for summary judgment. Plaintiff has responded in opposition to the motion. Upon review, the Court concludes the motion should be granted.[1]

Plaintiff, who was employed at the defendant's facility as a habilitation training specialist, was terminated from her employment on November 23, 2003, after throwing water on a patient's head. After her termination, the Oklahoma Department of Human Services ("DHS") conducted an investigation of plaintiff's actions and determined that plaintiff had engaged in abuse of a person with a developmental disability. Def's. Ex. 7. As a result of this finding, plaintiff's name was placed on the "Community Services Worker Registry" and

---

[1]*Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, the court "view[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Martin, 190 F.3d at 1129.*

community service providers, by law, were prohibited from hiring plaintiff.  Id.

Plaintiff brought this action against her prior employer alleging she was terminated in violation of state law and deprived of due process.  In particular, plaintiff claims her termination was in breach of an implied employment contract and in violation of Oklahoma's public policy and Open Meetings Act ("OMA").  Plaintiff also alleges the defendant violated 42 U.S.C. § 1983 by depriving her of her constitutional right to due process prior to her termination.  Defendant has moved for summary judgment on plaintiff's claims.  It asserts that neither the OMA nor § 1983 apply to it because it is a private not-for-profit corporation which is not supported in whole or part by DHS.  It also asserts that plaintiff's termination did not violate an employment contract as plaintiff was an at-will employee and plaintiff has identified no public policy which was violated as a result of her termination.[2]

Plaintiff alleges in her complaint that "numerous actions and business" conducted by the defendant, including her termination, are void due to the defendant's willful violation of the OMA.  Under Oklahoma law, a private not-for-profit corporation is not subject to the OMA unless it is "supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property."  25 Okla. Stat. § 304(1).[3]

Plaintiff asserts that the OMA applies to defendant because it receives "substantial public

---

[2]*Plaintiff does not address these arguments in her response to the motion for summary judgment.*

[3]*The Oklahoma Supreme Court has construed the OMA to apply to subordinate entities which "in the performance of [their] assigned duties and responsibilities [exercise] actual or de facto decision-making authority" on behalf of [a] parent entity.  Sanders v. Benton, 579 P.2d 815, 820 (Okla. 1978).  Plaintiff does not allege the defendant is a subordinate entity of DHS.*

funding." Defendant responds that it is not supported in whole or part by public funds. Rather, it states it has a contract with DHS pursuant to which it provides goods and services to DHS in exchange for payment.

In determining whether the defendant is supported in whole or in part by DHS funding, the Court construes § 304(1) according to its plain meaning. Head v. McCracken, 102 P.3d 670, 680 (Okla. 2004). To "support" an entity is "to maintain [it] with money or subsistence." Webster's New World Dictionary (1990).

There is no evidence in this case that the defendant is maintained by funding from DHS. According to the contract between the defendant and DHS, the defendant is reimbursed for authorized services it provides to eligible patients.[4] Def's. Ex. 1. In order to receive payment, the defendant must submit detailed invoices to DHS within 90 days of service. Id. This contractual relationship, which is not based on appropriations or subsidies, does not convert the defendant into a public body as contemplated by the statute. See Okla. A.G. Opin. No. 02-37, 2002 WL 2018273, at *5 (Okla. A.G. Aug. 21, 2002) ("[P]rivate organizations which contract with a governmental body and are reimbursed for identifiable goods or services are not public bodies under the Act.").[5] As a result, the OMA is not

---

[4]*Payment is not provided if third-party medical coverage is available to the patient for the services provided. Def's. Ex. 1.*

[5]*Although not bound by the opinion of the Oklahoma Attorney General, the Court finds it persuasive on the issue presented. See House of Realty, Inc. v. City of Midwest City, 109 P.3d 314, 320 (Okla. 2004) ("{An} Opinion of the Attorney General construing a statute has persuasive authority and silence by the Legislature may be regarded as acquiescence or approval of that construction by the Attorney General.").*

applicable to the defendant in this matter.  Accordingly, summary judgment is **GRANTED** in favor of defendant on plaintiff's OMA claims.

Plaintiff alleges the defendant violated § 1983 because it failed to provide her due process before terminating her employment.  "The only proper defendants in a Section 1983 claim are those who represent the state in some capacity . . . ."  Anaya v. Crossroads Managed Care Sys., Inc., 195 F.3d 584, 595 (10th Cir. 1999) (internal quotations omitted). Defendant argues it is entitled to summary judgment on this claim because, as a private not-for-profit corporation, it is not a state actor for purposes of § 1983.  Plaintiff counters that the defendant has either a sufficiently close nexus or a symbiotic relationship with DHS such that it should be considered a state actor.

"Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself."  Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1448 (10th Cir. 1995) (internal citations and quotations omitted).  Responsibility passes to the state if it has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  Id.  Under the symbiotic relationship test, state action may be found if the "state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity."  Gallagher, 49 F.3d at 1451 (internal quotations omitted).

Neither test demonstrates state activity in this case.  Plaintiff has provided no evidence

4

that any state official had any involvement in, much less coerced, the defendant to terminate plaintiff for her actions.  In addition, as previously noted, the defendant's connection to DHS is limited to the contract between the two parties.  Accordingly, summary judgment is **GRANTED** in favor of defendant on plaintiff's due process claim.

With respect to the plaintiff's remaining claims against the defendant, the Court concludes summary judgment should be granted in favor of defendant.  Plaintiff has come forward with no evidence demonstrating a violation of public policy as a result of her termination.  See, e.g., Clinton v. State ex rel. Logan County Election Bd., 29 P.3d 543, 545 (Okla. 2001).  In addition, she has failed to demonstrate the existence of an express or implied employment contract or that such a contract was breached.  See, e.g.,Black v. Baker Oil Tools, Inc., 107 F.3d 1457, 1461 (10th Cir. 1997).  Accordingly, summary judgment is **GRANTED** in favor of defendant on these claims.  See Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002) ("In cases such as this, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.") (internal quotations omitted).

In accordance with the above findings, the Court **GRANTS** defendant's motion for summary judgment.  Final judgment will be entered separately.

**IT IS SO ORDERED**.

Dated this 6th day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE