## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JARONA DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-04-1037-HE |
| | ) | |
| SEARCHLIGHT CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Jarona Dawson has moved for review of the Court Clerk's determination of costs. On July 6, 2005, the Court granted the motions for summary judgment filed by defendant Searchlight Center, Inc. (Searchlight) and entered final judgment. Searchlight filed a bill of costs and the Court Clerk awarded costs in the amount of $1193.23 on August 16, 2005. Considering the submissions of the parties, the Court **DENIES** the motion.

The court applies a de novo standard of review to a clerk's determination of costs. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964) (overruled on other grounds in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)); *see also* Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714 (10th Cir. 2000) (judicial discretion in award of costs). Rule 54(d)(1) establishes a rebuttable presumption that prevailing parties will be awarded costs. Fed. R. Civ. P. 54(d) ("[C]osts . . . *shall* be allowed as of course to the prevailing party unless the court otherwise directs."(emphasis added)); *see also* Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981); Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180 (10th

Cir. 2004) (burden to rebut the presumption of award of costs on non-prevailing party).[1]

The costs recoverable by a prevailing party are listed in 28 U.S.C. § 1920. Those relevant to the present motion include: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. Defendant Searchlight seeks $1193.23 for clerk fees, document copying, and the transcript of the plaintiff's deposition. Plaintiff Dawson objects to the award of costs, arguing generally that costs should not be taxed for reasons of fairness and equity.[2]

A party's ability to pay is not ordinarily considered as a factor in awarding costs. Only in extraordinary cases where inability to pay is clearly shown will a plaintiff be entitled to a waiver because of her financial situation. *See* Chapman, 229 F.3d at 1039. Further, the relative wealth of the parties is not an appropriate consideration. "Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all regardless of wealth or status.'" Id. at

---

[1]*Pursuant to LCvR54.1, any prevailing party who seeks to recover costs under 28 U.S.C § 1920 must file a bill of costs and a brief with the Court Clerk. The non-prevailing party then has fifteen days to object to the "allowance of costs." LCvR54.1. Accordingly, if no proper objection is made to the bill of costs, the prevailing party may recover all of the claimed costs. Id.*

[2]*The plaintiff only contests the costs of removal to federal court and the deposition costs. The copy costs clearly are recoverable under 28 U.S.C. § 1920: "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."*

1039 (internal citations omitted). Here, though possible that payment of costs will be a hardship to the plaintiff, the circumstances fall short of the showing necessary to warrant an exception to the presumption that costs be awarded to the prevailing party.

Accordingly, Plaintiff Dawson's motions to review Court Clerk's awards of costs to defendant [Doc. #44] is **DENIED**. Costs as taxed by the Court Clerk shall be included in the final judgment.

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE